IKE GOLDSMITH, Plff.,

*v.*

THE NORTHERN ASSURANCE COMPANY, LIMITED, Dft.

San Juan, Law, No. 1590.

Opinion filed March 27, 1923.

*Mr. O. B. Frazer* attorney for plaintiff.

*Mr. M. Y. Saldaña* agent for defendant.

ODLIN, Judge, delivered the following opinion:

The agent of the defendant, the Northern Assurance Company, Limited, has filed a verified motion asking me to modify the order herein entered March 15, 1923, and to permit Mr. H. G. Molina to act as counsel for said defendant.

The present motion is based upon several grounds, which I deem it proper to discuss briefly in their proper order.

First, it is alleged that an error was made by me in my order of March 15, 1923, because I assumed that Mr. Molina had received cash from the plaintiff Goldsmith, and the fact is that Goldsmith had paid no cash to Mr. Molina. But Mr. Molina himself has admitted in writing that he "accepted a retainer" from Goldsmith; also that he (Molina) signed his name as one of the counsel for Goldsmith at the end of one of the complaints in these insurance cases. The point now attempted to be made that the word "retainer" did not mean actual payment of cash is without force. I deem the claim that Goldsmith paid no actual money as mere piffle; he *agreed* to pay a fee, and a lawyer is just as much bound to a client who makes a valid *promise* to pay as to a client who delivers the currency on the spot. Furthermore, Mr. Molina, having stated in writing that he "accepted a retainer" is, in my opinion, clearly estopped to raise any question now of cash or no cash.

Second, permission for Mr. Molina to act now as counsel for the defendant is sought upon the ground that "his intervention as one of the attorneys for Goldsmith was merely nominal." This is an unfortunate adjective to describe the professional

attitude of a lawyer who signed his name with his own hand at the end of one of the complaints in these insurance cases.

Third, reliance is made on the written permission made by Goldsmith and his other attorney, Mr. O. B. Frazer, allowing Mr. Molina to withdraw and to act for the defendants. This permission does not bind me. I still decline to introduce a precedent so violative of the first principles of ethics. No argument is needed to support the position that a court is never bound by any stipulation of two parties to a law suit which seeks to enable a lawyer to jump from one side of such law suit to the other.

Fourth, a very curious reason is embodied in the present motion seeking a change in the former order, which is that five different insurance companies are being sued, and all five suits are of exactly the same nature, grow out of the same fire, each company has same defense, they all desire to be represented by the same attorney, and are unable to agree on any one attorney except Mr. Molina.

This is no concern of mine. If the five companies have tried in vain to agree on some one lawyer in a position to act, let them each engage a different lawyer. As long as I am in charge of this court I refuse to throw the rules of ethics out of the window of my court room into San Juan bay in order to save a few dollars for five defendants, whether the latter are poor or rich.

Fifth and lastly, these insurance companies ask me to modify my former ruling, because, as matters now stand, they will be obliged to compensate Mr. Molina for considerable time he has spent on these cases.

I dissent most earnestly from the opinion set forth in the

present motion that these insurance companies will be obliged to compensate Mr. Molina for time dedicated by him to these cases. It is difficult for me to believe that a high class lawyer of the type of Mr. Molina would think for one moment of accepting any fees from an insurance company in connection with a case in which he had already accepted a retainer from a person bringing a suit against such insurance company. But if Mr. Molina should make such a claim, no respectable court would allow him 5 cents for such services.

Therefore, I positively decline to modify my order of March 15, 1923, except to extend until April 14, 1923, the time within which the several insurance companies may engage counsel.

To this order the defendant excepts.